Sneed, J.,
delivered the opinion of the court.
In the organization ' of the jury for the trial of this action of trover, the plaintiff challenged peremptorily one Smith, who was presented as a juror, One Scales was then presented who was asked by the counsel for the plaintiff if he had served upon the jury in said court within the year preceding, the man replied that he had served upon the grand jury within the timé *457 specified, whereupon the plaintiff’s counsel directed the man to stand aside. One Gordon was then presented, who was, by the counsel for the plaintiff, also directed to stand aside as challenged peremptorily. This the court would not permit, being of opinion that the two first challenges exhausted the plaintiff’s right, he being entitled under the law to only two peremptory, challenges in á civil action. This ruling is assigned as error. Under the statute, the County Court is prohibited from appointing any person on the venire as a juror for the Circuit Court who has served as such in said Circuit Court within the year preceding. Code, sec. 3988. And this by another section is made a ground of challenge for cause. lb., sec. 4010. But the court is in all eases the trier of the competency of a juror. The party may challenge for cause upon every legal ground, but lie must submit the matter to the court for investigation, and if this be not done he must be taken to have waived the grounds of his challenge. Car. Hist. L. S., sec. 347. The challenge for cause is a challenge upon some ground of exception created by statute or existing otherwise, of which the court is the trier and the judge.
In the present case there was no action by the court, and none was invoked, and the action of the counsel in ordering the juror aside without judicial action as to the ground of objection, was properly ruled a peremptory challenge, and the plaintiff having thus exhausted his challenges there was no error in disallowing the third challenge. It seems that the plaintiff, during the progress of the cause upon a rule *458 obtained by defendant, to justify his security for costs, took the oath in forma pauperis and then prosecuted the suit to its result in the Circuit Court, and also his appeal here. The sureties on his bond did not make application to be released, and will, therefore, be liable for. the costs accruing both before and after the time of his taking the oath, to the amount of their undertaking in the bond. Kincaid v. Sharp, 3 Head, 161.
Affirm the judgment